# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

Royal Concrete Pipe, Inc.,

Plaintiff,

vs.

Hehr International Inc., a California corporation d/b/a Hehr International Polymers, Inc., a/d/b/a Hehr International Polymers; D.A.G. of Delavan, Inc., a Wisconsin corporation; Prime Coat corporation, an Illinois corporation; Professional Service Industries, Inc., a Delaware corporation; Dean A. Gramly, individually, and d/b/a D.A.G. Enterprises and d/b/a Custom Resins,

Defendants.

Court File No.: 01CV1308 (JMR/FLN)

**STIPULATED PROTECTIVE ORDER**

---

WHEREAS, Plaintiff Royal Concrete Pipe, Inc. and Defendants, Hehr International Inc., a California corporation d/b/a Hehr International Polymers, Inc., a/d/b/a Hehr International Polymers; D.A.G. of Delavan, Inc., a Wisconsin corporation; Prime Coat corporation, an Illinois corporation; Professional Service Industries, Inc., a Delaware corporation; Dean A. Gramly, individually, and d/b/a D.A.G. Enterprises and d/b/a Custom Resins, believe that certain information which is or will be encompassed by discovery obtained from each other may constitute trade secrets or other confidential research, development, commercial, or proprietary information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure; and

NOV 29
RICHARD D.
JUDGMENT ENTD.
DEPUTY CLERK

WHEREAS, each of the foregoing parties believes that it would serve their interests to conduct discovery under a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

IT IS HEREBY ORDERED that:

1. This Protective Order shall apply to all information, documents and things subject to discovery in this action which are owned by or in the possession of Plaintiff, Defendants, related entities of either (which hereafter are included in references to Plaintiff and Defendants) and believed in good faith by the entity providing the discovery to contain trade secrets or other confidential research, development or commercial information within the meaning of Rule 26(c) (hereafter "CONFIDENTIAL MATERIALS"), including without limitation, testimony adduced at deposition upon oral examination or upon written questions pursuant to Rules 30 and 31, answers to interrogatories pursuant to Rule 33, documents produced pursuant to Rule 34, information obtained from inspection of premises or things pursuant to Rule 34 and answers to requests for admission pursuant to Rule 36. CONFIDENTIAL MATERIALS shall include all information, documents and things referring or relating to the foregoing, including, but not limited to, copies, summaries or abstracts of the foregoing. The terms of this Protective Order shall also apply to all information, documents and things produced in connection with this litigation by third parties (hereinafter the "Producing Third Parties"), pursuant to subpoena or otherwise, if the producing third parties state, in writing, their desire that the terms hereof apply to the information, documents and things produced by them.

2. Plaintiff, defendants and producing third parties shall label or mark documents and things that they produce in discovery and deem to be CONFIDENTIAL MATERIALS with the following term:

**"CONFIDENTIAL"**

Such labeling or marking shall be made when a copy of the document or thing is provided to the discovering party, and unless so labeled or marked, any confidentiality is waived from the time such document or thing is initially provided until the document is subsequently labeled or marked "CONFIDENTIAL" either by stipulation of the discovering and producing parties or by order of the Court. The failure to label or mark any item CONFIDENTIAL will not in any manner be deemed an admission by the producing entity of lack of proprietary interest or confidentiality of such item in any other matter besides this litigation.

3. In the case of the depositions upon examination or written questions of present or former employees, agents, consultants or testifying experts of plaintiff or defendants, the entire testimony of the witness shall be deemed CONFIDENTIAL MATERIALS until the expiration of sixty (60) days after the receipt by counsel for each party (or counsel for the third party representing the witness) of the transcript of the deposition. In the event that one party decides not to order a transcript of a deposition, the sixty (60) day period wherein the testimony of a witness shall be deemed CONFIDENTIAL MATERIALS will begin to run on the day of receipt of the deposition transcript by counsel for the party requesting the transcript. If counsel representing either party (or counsel for the third party representing the witness) believes that the deposition transcript or portions thereof constitutes CONFIDENTIAL MATERIALS, such counsel shall designate in writing to all counsel within that 60-day period the specific pages and lines constituting such CONFIDENTIAL MATERIALS. Unless so designated, any confidentiality is waived after the expiration of that 60-day period unless otherwise stipulated or ordered.

4. CONFIDENTIAL MATERIALS shall not include information revealed during depositions upon oral examination under Fed. R. Civ. P.30 which is not related to trade secrets or other confidential research, development or commercial information within the meaning of Rule 26(c).

5. CONFIDENTIAL MATERIALS shall be deemed confidential, unless and until this Court rules to the contrary, and access thereto or dissemination thereof shall be limited, unless and until this Court rules that there may be further disclosure, to:

(a) Trial counsel, authorized counsel, partners and associates of trial counsel of record in this action (and their secretarial, clerical and legal assistants), and outside general counsel as needed to provide representation to the parties. As used in this Stipulated Protective Order, "authorized counsel" includes (i) the firms of Severson, Sheldon, Dougherty & Molenda, P.A. and Fabyanske, Westra & Hart, P.A. representing plaintiff and (ii) the firms of Fredrikson & Byron, P.A. attorneys for Defendants D.A.G. of Delavan, Inc. and Dean Gramly; Terhaar, Archibald, Pfefferle & Griebel, L.L.P. attorneys for Defendant Prime Coat Corporation; Rider, Bennett, Egan & Arundel, L.L.P. attorneys for Defendant Professional Service Industries, Inc.; and Cousineau, McGuire & Anderson, Chartered attorneys for Defendant Hehr International Polymers, Inc.

(b) No more than four corporate officers and four technical employees of the parties, including their related entities, whose advice or input is needed to assist that party in the preparation of its case. A copy of the Stipulated Protective Order will be delivered to each officer or employee to whom CONFIDENTIAL MATERIALS are provided, and the party will obtain a signed undertaking in the form of **Exhibit "A"** attached hereto from each such officer or employee prior to disclosing CONFIDENTIAL MATERIALS to such officer or employee. The original of each such signed undertaking will be retained by counsel for that party.

(c) Such experts or consultants (other than persons employed by or in any way affiliated with plaintiff or defendants) as may be selected by counsel to furnish expert services and/or give testimony in this litigation with respect to the information so disclosed, including their stenographic and clerical personnel; provided that disclosure to such outside experts or consultants and their stenographic and clerical personnel shall be made only after authorized counsel desiring to disclose CONFIDENTIAL MATERIALS to such experts or consultants first obtains a signed undertaking in the form of **Exhibit "A"** attached hereto from each such expert or consultant and retains in his or her files the original of each such signed undertaking.

6. CONFIDENTIAL MATERIALS shall not be made public by the receiving party or divulged to anyone other than the persons entitled to access under paragraph 5. CONFIDENTIAL MATERIALS shall be used by the receiving party and designated recipients for purposes of this litigation only. If CONFIDENTIAL MATERIALS are to be filed with the Court in connection with any proceedings herein, they shall be filed with the Clerk of Court in a sealed envelope prominently marked with the caption of the case and the notation:

> "Contains Confidential Information Filed Under Seal Pursuant To The Protective Order Of [date]. To Be Opened Only By Or As Directed By The Court".

7. Nothing in this Protective Order shall require disclosure of material which a party contends is protected from disclosure by the attorney-client privilege or the attorney work-product immunity. This shall not preclude either party from moving the Court for an order directing the disclosure of such material.

8. Nothing in this Protective Order shall constitute a waiver of any objections to any discovery demands or waiver of any right to seek from the Court further relief to protect confidential information or documents.

9. The acceptance by plaintiff and defendants of CONFIDENTIAL MATERIALS shall not constitute an admission or concession or permit an inference that the CONFIDENTIAL MATERIALS are, in fact, confidential. This Protective Order shall not foreclose either party from moving this Court for an order that CONFIDENTIAL MATERIALS are not, in fact, confidential.

10. This Order shall not prevent a party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing between themselves to modifications of this Protective Order, subject to the approval of

the Court. The party seeking the information may request that the party or producing third party asserting the confidentiality consent to:

(a) A change in the designation of any document, transcript and/or other information as CONFIDENTIAL MATERIALS; and/or

(b) Permission to show the information to persons in addition to those specified herein. Such request shall be by written notice served on counsel for the party or producing third-party who designated the subject matter as CONFIDENTIAL MATERIALS. If the requested change is not granted, the requesting party may, within thirty (30) days thereafter, move this Court for a change of designation, or a modification of the list of people permitted to review the document. In the event that a motion for modification of the list of people permitted to review the document is granted, such person may have access to CONFIDENTIAL MATERIALS after first signing an undertaking in the form of **Exhibit "A"** attached hereto, a copy of which shall be forwarded promptly thereafter to opposing authorized counsel. In any motion brought in relation to this Order, whether under this paragraph or otherwise, the burden of proof on any claim of confidentiality will be on the party or producing third party asserting that claim. In all other respects, the burden of proof and persuasion will be on the party who would bear that burden but for the existence of this Order.

11. CONFIDENTIAL MATERIALS may be used in testimony at trial, at any motion hearing, and at depositions and may be offered in evidence at trial or at any motion hearing, all subject to any further Order regarding confidentiality that this Court may enter, and may be used to prepare for, and conduct discovery, to prepare for trial and to support or oppose any motion all subject to the provisions of this Order, but may not be used for any other purpose except as expressly provided herein or by further Order of the Court.

12. This Protective Order shall not preclude a party from enforcing its rights against any party or non-party believed to be violating the rights of that party.

13. After final termination of this action, authorized counsel may retain one archive copy or sample of the CONFIDENTIAL MATERIALS produced by another party or a producing third party for reference in the event of a dispute over the use of dissemination of information and may retain CONFIDENTIAL MATERIALS to the extent they include or reflect

attorneys' work product. The archive copy shall be returned or destroyed, in the event that no dispute arises within three years after final termination of the action upon written request given three years or more after final termination of the action. After final termination of this action, receiving authorized counsel shall return or destroy all additional CONFIDENTIAL MATERIALS in his or her custody, or the custody of any person to whom authorized counsel forwarded CONFIDENTIAL MATERIALS. Within 60 days after final termination of the action, each party's authorized counsel shall certify to opposing authorized counsel that he or she has complied with this paragraph.

14. This Protective Order shall survive the final termination of this action with respect to any retained CONFIDENTIAL MATERIALS.

15. Restrictions and obligations set forth herein relating to CONFIDENTIAL MATERIALS shall not apply to any information which (i) is already public knowledge; (ii) becomes public knowledge other than as a result of disclosure by a receiving party; or (iii) has come into the receiving party's legitimate possession independent of the producing third party. Such restrictions and obligations shall not be deemed to prohibit discussions with any person of any CONFIDENTIAL MATERIALS if said person already has possession thereof, is the originator of the CONFIDENTIAL MATERIALS, or is identified on a written document as having authored or received a copy of it.

16. If counsel for a party or producing third party believes that any question or questions that will be put to a witness at a deposition upon oral examination will disclose CONFIDENTIAL MATERIALS, or that answers to any question or questions will require such disclosure, or if CONFIDENTIAL MATERIALS will be used as exhibits during examination, counsel for the affected party shall so notify all other counsel, and the deposition of the witness,

or confidential portions thereof, shall be taken only in the presence of persons entitled to access to CONFIDENTIAL MATERIALS under paragraph 5 and the court reporter.

IT IS SO ORDERED,

Dated: 11, 29, 2001

BY THE COURT:

Franklin L. Noel

Franklin L. Noel
Chief Magistrate Judge
U.S. District Court

APPROVED AS TO FORM:

Dated: November 26, 2001

SEVERSON, SHELDON, DOUGHERTY
& MOLENDA, P.A.

By: ______________________

Loren M. Solfest, I.D. #178378
Matthew R. Zahn, I.D. #289000
Attorneys for Plaintiff
7300 West 147th Street, Suite 600
Apple Valley, MN 55124
(952) 432-3136

Dated: Nov 12, 2001

COUSINEAU, McGUIRE & ANDERSON,
CHARTERED

By: [signature]
Peter G. Van Bergen, I.D. #112033
Attorneys for Defendant Hehr International Inc.
600 Travelers Express Tower
1550 Utica Avenue South
Minneapolis, MN 55416-5318
(952) 546-8400

Dated: November 8, 2001

FREDRIKSON & BYRON, P.A.

By: ______________________

Todd Wind, I.D. #196514
Dulce J. Foster, I.D. #285419
Attorneys for Defendants D.A.G. of Delavan, Inc. and Dean A. Gramly
1100 International Centre
900 Second Avenue South
Minneapolis, Minnesota 55402
(612) 347-7000

Dated: November 9, 2001

TEHAAR, ARCHIBALD, PFEFFERLE
& GRIEBEL, LLP

By: ______________________

Stephen J. Pfefferle, I.D. #173241
Michael S. Rowley, I.D. #250934
Attorneys for Defendant Prime Coat Corporation
300 First Avenue North, Suite 220
Minneapolis, MN 55401
(612) 573-3007

Dated: November 17, 2001

RIDER, BENNETT, EGAN & ARUNDEL, L.L.P.

By: ______________________

Daniel Q. Poretti, I.D. #185152
Piper L. Kenney, I.D. #275621
Attorneys for Professional Service Industries, Inc.
333 South Seventh Street, Suite 200
Minneapolis, MN 55402
(612) 340-7975

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

---

Royal Concrete Pipe, Inc.,

Plaintiff,

vs.

Hehr International Inc., a California corporation d/b/a Hehr International Polymers, Inc., a/d/b/a Hehr International Polymers; D.A.G. of Delavan, Inc., a Wisconsin corporation; Prime Coat corporation, an Illinois corporation; Professional Service Industries, Inc., a Delaware corporation; Dean A. Gramly, individually, and d/b/a D.A.G. Enterprises and d/b/a Custom Resins,

Defendants.

Court File No.: 01CV1308 (JMR/FLN)

**PROTECTIVE ORDER UNDER FED.R.CIV.P.26(c)(7)**

---

STATE OF ______________)
)ss.
COUNTY OF____________ )

I, ____________________________, being first duly sworn, state that:

1. My address is ____________________________________________________.

2. My present employer is ____________________________________ and the address of my present employment is ________________________________________________.

3. My present occupation or job description is ______________________________.

4. I have received a copy of the Protective Order in this action signed by United States District Court Judge/Magistrate Judge on ____________________________________.

5. I have carefully read and understand the provisions of the Protective Order.

6. I will comply with all of the provisions of the Protective Order.

7. I will hold in confidence, not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action, CONFIDENTIAL MATERIALS which are disclosed to me.

8. I will return all CONFIDENTIAL MATERIALS which may come into my possession and documents or things which I may prepare relating thereto, to authorized counsel for the party by whom I am employed or retained.

9. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order against me in this action.

________________________________

Subscribed and sworn to before me
this _____ day of ________________,
2001.

____________________________
Notary Public

**EXHIBIT B**

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Royal Concrete Pipe, Inc.,

Plaintiff,

vs.

Hehr International Inc., a California corporation d/b/a Hehr International Polymers, Inc., a/d/b/a Hehr International Polymers; D.A.G. of Delavan, Inc., a Wisconsin corporation; Prime Coat corporation, an Illinois corporation; Professional Service Industries, Inc., a Delaware corporation; Dean A. Gramly, individually, and d/b/a D.A.G. Enterprises and d/b/a Custom Resins,

Defendants.

Court File No.: 01CV1308 (JMR/FLN)

**PROTECTIVE ORDER UNDER FED.R.CIV.P.26(c)(7)**

---

STATE OF ______________)
)ss.
COUNTY OF_____________ )

I, ____________________________, being first duly sworn, state that:

1. My address is ____________________________________________________.

2. My present employer is ____________________________________ and the address of my present employment is ______________________________________________.

3. My present occupation or job description is ______________________________.

4. I have received a copy of the Protective Order in this action signed by United States District Court Judge/Magistrate Judge on ______________________________________.

5. I have carefully read and understand the provisions of the Protective Order.

6. I will comply with all of the provisions of the Protective Order.

7. I will hold in confidence, not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action, CONFIDENTIAL MATERIALS marked "Attorneys' Eyes Only" which are disclosed to me.

8. I will return all CONFIDENTIAL MATERIALS marked "Attorneys' Eyes Only" which may come into my possession, and documents or things which I may prepare relating thereto, to authorized counsel for the party by whom I am employed or retained.

9. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order against me in this action.

____________________________________

Subscribed and sworn to before me
this _____ day of ________________,
2001.

________________________________

Notary Public

**Please forward this announcement to the recipient of this fax.**

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

## For additional information on either program please visit our website at www.mnd.uscourts.gov.

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500